IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA WERNER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SELENE FINANCE, LLC, et al.<br><br>Defendants. | CIVIL ACTON NO.: _____ |

## NOTICE OF REMOVAL

Defendant Selene Finance LP ("Selene" or "Defendant")[1], pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal of this action from the Supreme Court of the State of New York, County of Dutchess, Index No. 2017-51519 (the "State Action"), where it is currently pending, to the United States District Court for the Southern District of New York. This action is removable pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, because Plaintiff has pled putative class action claims that arise under federal law, namely the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. As grounds for this removal, Selene states as follows:

1.       Diana Werner ("Plaintiff") instituted this civil action in the Supreme Court of the State of New York, County of Dutchess, on June 27, 2017. A true and correct copy of all process and pleadings in the State Court Action are attached

---

[1] Incorrectly referred to in the Complaint as "Selene Finance, LLC."

04097647.1

hereto as Exhibit "A" and are incorporated herein by reference. In her putative class action Complaint, the Plaintiff asserts a putative class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") against Defendant Friedman Vartolo, LLP ("Friedman") and Selene (collectively "Defendants") for claimed violations occurring during efforts to collect debt owing on a home mortgage after Plaintiff's default. (Compl. ¶¶ 8, 19-20). In addition to the putative class action for claimed violations of the FDCPA, the Complaint asserts claims against Selene under New York law relating to Plaintiff's default and actions taken to secure payment of the mortgage debt, including (but not limited to) bad faith, unjust enrichment, misrepresentation, breach of fiduciary duty, and outrage. (Compl. ¶¶ 48-113).

2. While the Defendant is aware of the Complaint filed by the Plaintiff, it has yet to be served with the Summons and Complaint, as required by the N. Y. Civ. Prac. Law & Rules.

3. As a result, this Notice of Removal is timely filed, given that it is in compliance with 28 U.S.C. § 1446(b). [T]he defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

4. The United States District Court for the Southern District of New York is a federal judicial district embracing the Supreme Court of the State of New

York, County of Dutchess, where this action was originally filed. Venue is, therefore, proper under 28 U.S.C. § 112(c) and § 1441(a).

5. No previous application has been made for the relief requested herein.

## FEDERAL QUESTION JURISDICTION

6. 28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Here, this case is properly removable pursuant to 28 U.S.C. § 1441 because Plaintiff's Complaint asserts putative class action claims arising under federal law.

7. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

8. This Court has federal question jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1441(b) as the putative class action claims are "founded on a claim or right arising under … the laws of the United States." (Compl. ¶¶ 8, 12, 19-20).

## SUPPLEMENTAL JURISDICTION

9. This Court also has supplemental jurisdiction over state law claims that are raised by Plaintiff pursuant to 28 U.S.C. § 1367(a).

10. The Supplemental Jurisdiction statute provides in relevant part as follows:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

11. It is clear from the allegations in Plaintiff's Complaint that the state-law claims asserted against Selene directly relate to actions taken or not take with respect to debt owed under the Plaintiff's -mortgage agreement and, therefore, are so closely tied to her FDCPA claims for illegal conduct relating to efforts to collect a debt under the same mortgage agreement so as to "form part of the same case or controversy." 28 U.S.C. § 1367(a).

12. And, because this Court has original jurisdiction over the putative class action claims asserted under the FDCPA, this Court also has supplemental jurisdiction over the non-FDCPA claims, including (but not limited to) Plaintiff's claims for breach of contract, bad faith, unjust enrichment, misrepresentation, breach of fiduciary duty, and outrage.  (Compl. ¶¶ 48-113).

## MISCELLANEOUS

13. A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of Dutchess, as provided by law, and written notice is being sent to Plaintiff.

14. All properly joined and served defendants join in and consent to this removal. *See* Consent to Notice of Removal, Exhibit "B."

15. The prerequisites for removal under 28 U.S.C. §1441 have been met.

16. Defendant reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

17. Should any question arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this cause is removable.

## **ADOPTION AND RESERVATION OF DEFENSES**

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Selene's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under N.Y. Civ. Prac. Law & Rules or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, Selene prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Supreme Court of the State of New York, County of Dutchess, to the United States District Court for the Southern District of New York.

**MAYNARD, COOPER & GALE PC**

*/s/ Richard C. Davis*
Richard C. Davis

Brandt P. Hill
1901 6th Avenue No.
Regions/Harbert Plaza,
Suite 2400
Birmingham, AL  35203
(205) 254-1000

*Attorneys for Defendant
Selene Finance LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2017, I caused to be served a true and correct copy of the foregoing on counsel of record listed below via first-class mail with the United States Postal Service:

Edward B. Geller
15 Landing Way
Bronx, New York 10464
Tel.: 914-473-6783
*Attorney for Plaintiff*

Oran Schwager
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, NY 10004
Tel.: 212-471-5100
*Attorney for Friedman Vartolo LLP*

                                                   */s/ Richard C. Davis*
                                                   Of counsel